UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JOHN ANNARUMMA,**                                         CASE NO.:

    Plaintiff,

v.

**CITY OF HIGH SPRINGS, FLORIDA,**

    Defendant.
_____/

**COMPLAINT AND REQUEST FOR COMPENSATORY
AND INJUNCTIVE RELIEF**

Plaintiff, **JOHN ANNARUMMA**, hereby sues Defendant, **CITY OF HIGH SPRINGS, FLORIDA** and alleges:

**COURT JURISDICTION AND VENUE**

1.  This court has jurisdiction over the subject matter pursuant to 38 U.S.C. §4301-33, Uniformed Services Employment and Reemployment Rights Act (hereinafter USERRA).

2.  The Court has concurrent jurisdiction over this subject matter pursuant to §250.01 et seq., Florida Statutes and concurrently has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.  Plaintiff's claims for relief are also predicated upon 42 U.S.C. § 1981 brought through 42 U.S.C. §1983, which authorizes actions to redress the

1

deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States and by 42 U.S.C. §1981a, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

4. Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above together with attorney's fees, costs, and damages.

## PARTIES

5. Plaintiff is a member of a class protected by law because he was discriminated against and retaliated against by his employer, the Defendant, due to his military status and obligations to perform service in the Armed Forces. Plaintiff is also a member of a protected class because of his race and was the victim of discrimination based on his race.

6. The Plaintiff John Annarumma (hereinafter 'Plaintiff") was a resident of Alachua County, Florida at all times pertaining to this action. During the times relevant to this action, Plaintiff was enlisted as a member of the Armed Forces of the United States, specifically the Florida Army National Guard (hereinafter FLARNG).

7. During the times relevant to this action, Defendant City of High Springs, Florida (hereinafter 'Defendant) knew of Plaintiff's status as a member of the FLARNG.

8. At all times pertinent hereto, Defendant has been conducting business in Alachua County, Florida, within the jurisdiction of this court. At all times pertinent hereto, Defendant has been an employer as that term is used under the applicable laws identified above.

## STATEMENT OF THE ULTIMATE FACTS

9. Plaintiff began his employment with the Armed Forces of the United States in 1992. Plaintiff served honorably, retiring in January, 2018 as a Staff Sergeant (E-6). During the course of his military career, Plaintiff deployed multiple times to a combat zone in service of his country, most recently deploying to Afghanistan in 2010.

10. Plaintiff also served his state and community honorably as a sworn law enforcement officer, beginning his career in 1998. Plaintiff worked continuously as a law enforcement officer, only breaking from service during the times that he was called to serve in a combat zone or perform other military duty.

11. Plaintiff began his employment as a patrol officer with the Defendant in November 2013 and continued to work in the position until he was constructively discharged in July 2015.

12. During the first part of his employment with the Defendant, Plaintiff enjoyed the support of his employer for his military service. When he requested

military time off to perform weekend drills or his two weeks of annual training, Plaintiff's employer accommodated his request.

13. Plaintiff's experience with the Defendant drastically changed in 2014, however after he returned from his annual training at Camp Blanding.

14. In April 2014, Plaintiff received orders from his FLARNG unit to report to Camp Blanding for his summer annual training which would begin in August. As he had done in the past, Plaintiff forwarded the orders along with his request for military leave. Defendant scheduled his leave and Plaintiff heard nothing more until he left for his training exercise.

15. On August 1, 2014, Plaintiff began his 17-day training with the FLARNG. Though not required to do so, Plaintiff remained in contact with Defendant should any situation arise needing his attention. At no time during Plaintiff's military service did Defendant inform him that a position for lieutenant had been created.

16. On or about August 12, 2014, Defendant published an announcement advertising the position of lieutenant. The position announcement ended on August 17, 2014, one day prior to Plaintiff's return from military service.

17. On or about August 18, 2014, Plaintiff returned from military service unaware that the position of lieutenant had been advertised. Sometime after his return, Plaintiff was informed by fellow officer, David Lepianka, that the position of

lieutenant had been advertised. Plaintiff immediately contacted the City Manager for the City of High Springs, Ed Booth, to relate that he was interested in applying for the lieutenant position. The City Manager either independently on his own volition and/or based on the influence of Antoine Sheppard, informed Plaintiff he was too late. Defendant selected a non-military, African American, Antoine Sheppard, for the position whose credentials did not qualify him based on the criteria initially published in the announcement for the lieutenant position. In fact, the qualifications for the position changed in order to promote Sheppard into the position.

18.     Plaintiff informed the City Manager that the law (USERRA) allows for him to be considered for the position and he requested that the announcement be re-published so that he may have the opportunity to be considered for the position. Thereafter, Plaintiff received a resoundingly negative response. Defendant then selected Sheppard, an African-American, with no military service for the position over other more qualified white officers who also were not given the opportunity to apply.

19.     After informing Defendant of its violation of the law, Plaintiff was retaliated against because of his service and his protected status of race. Plaintiff was relegated to duties reserved for law enforcement officers with much less experience. Plaintiff's shift was changed and he no longer was able to freely schedule military training dates without question. Other, non-military and non-white officers were

chosen for duties which Plaintiff qualified for. Plaintiff was belittled and harassed because of his protected status, white, and military service. Plaintiff was made to feel extreme anxiety, more than he had experienced even in a combat zone.

20. In July 2015, Plaintiff was forced to resign (constructively discharged) in order to avoid the continued harassment and retaliation from Defendant. No reasonable person would have remained employed under these circumstances.

21. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

22. Defendant's violations of USERRA were willful because Defendant knew or perceived the risk that its discrimination and continued harassment of Plaintiff and retaliation against Plaintiff because of his military service and/or unavailability or his protected activity due to service violated USERRA or Defendant showed reckless disregard for the matter of whether their actions against Plaintiff because of his military service and/or because of his unavailability due to service or due to his protected activity was prohibited by USERRA.

23. Plaintiff has retained the undersigned to represent his interests in this matter, and he is entitled to recover all fees and associated costs.

## COUNT I: RETALIATION PURSUANT TO THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

24. Plaintiff incorporates as if fully restated all of the allegations set forth in paragraphs 1 through 23.

25. Plaintiff's obligations or membership for service in the uniformed services or exercise of a right provided for under USERRA were a motivating factor in all derogatory and retaliatory actions taken against Plaintiff by Defendant.

26. Specifically, Plaintiff's membership as a soldier in the FLARNG and/or Plaintiff's exercise of a right as a member of the FLARNG caused him to be retaliated against by the Defendant. Plaintiff was subjected to retaliation for performing his military service and/or requesting a right be afforded to him by Defendant under the Uniformed Servicemembers Employment and Reemployment Rights Act (USERRA), 38 U.S.C §4311.

27. The Florida Uniformed Servicemembers Protection Act (referred to herein as "FUSPA"), through §250.81-250.84, fully incorporates by reference the Uniformed Services Reemployment Rights Act of 1994, (USERRA), 38 USC §4311.

28. Specifically, The Florida Uniformed Servicemembers Protection Act §250.905, provides in pertinent part,

> "In addition to any other relief or penalty provided by state of federal law, a person is liable for a civil penalty of not more than $1,000 per violation if that person violates any provision of this chapter affording protections to members of the United States Armed Forces, the United States Reserve Forces, or the National Guard or any provision of federal law affording protections to such service members over which a state court has concurrent jurisdiction under §250.82."

29. Plaintiff is entitled to seek relief under §250.905, Florida Statutes for each violation of 38 U.S.C. §4311 (USERRA) as well as the relief to which he is entitled for the violations of 38 U.S.C. §4311 (USERRA).

30. Defendant's violations of USERRA were willful, because Defendant knew or perceived the risk that its continued harassment and retaliation against Plaintiff violated USERRA or Defendant showed reckless disregard for the matter of whether its continued harassment and retaliation was prohibited by USERRA.

### COUNT II. DISCRIMINATION PURSUANT TO THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

31. Plaintiff incorporates as if fully restated all of the allegations set forth in paragraphs 1 through 23.

32. Plaintiff was otherwise eligible, qualified, ready, and willing to train to become a lieutenant for the Defendant upon his return from training with the FLARNG in August 2014.

33. Plaintiff alleges that Defendant should have arranged or accommodated Plaintiff in order to complete the required interview for the promotion to lieutenant.

34. Defendant refused to promote Plaintiff based on his unavailability due to military service.

35. Plaintiff's membership, service and/or obligation for service in the FLARNG was a motivating factor in the Defendant's refusal to interview Plaintiff for the promotion to lieutenant.

36. Plaintiff has lost wages and other economic benefits, as a direct and proximate result of the Defendant's refusal to promote him to the position of lieutenant.

37. Defendant's violations of USERRA were willful because Defendant knew or perceived the risk that its failure to promote Plaintiff because of his military service and/or unavailability due to service violated USERRA or Defendant showed reckless disregard for the matter of whether Defendant's failure to promote Plaintiff because of his military service and/or because of his unavailability due to service was prohibited by USERRA.

## COUNT III: UNLAWFUL HOSTILE WORK ENVIRONMENT

38. Plaintiff incorporates as if fully restated all of the allegations set forth in paragraphs 1 through 23.

39. Plaintiff asserts that the Defendant violated 38 U.S.C.A. §4311, which provides in pertinent part:

> "(a) A person who is a member of, applied to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, *or any benefit of employment by an employer on the basis of that membership*, application for membership, performance of service, application for service, or obligation." (emphasis added).

40. Defendant illegally and improperly targeted Plaintiff in an attempt to coerce him into restricting his duties as a service member in the FLARNG, severely altering the conditions of Plaintiff employment to a degree as to cause Plaintiff severe mental anguish and stress and ultimately causing Plaintiff no other alternative but to leave Defendant's employ, resulting in a constructive discharge.

41. On November 21, 2011, the VOW to Hire Heroes Act of 2011 was signed into law, which clarified USERRA to protect against a hostile work environment.

42. The Florida Uniformed Servicemembers Protection Act (referred to herein as "FUSPA"), through §250.81-250.84, fully incorporates by reference the Uniformed Services Reemployment Rights Act of 1994, (USERRA), 38 USC §4311.

43. Specifically, The Florida Uniformed Servicemembers Protection Act §250.905, provides in pertinent part,

> "In addition to any other relief or penalty provided by state of federal law, a person is liable for a civil penalty of not more than $1,000 per violation if that person violates any provision of this chapter affording protections to members of the United States Armed Forces, the United States Reserve Forces, or the National Guard or any provision of federal law affording protections to such service members over which a state court has concurrent jurisdiction under §250.82."

44. Plaintiff is entitled to seek relief under §250.905, Florida Statutes for each violation of 38 U.S.C. §4311 (USERRA) as well as the relief to which he is entitled for the violations of 38 U.S.C. §4311 (USERRA).

45. Defendant's violations of USERRA were willful, because Defendant knew or perceived the risk that its continued harassment against Plaintiff violated USERRA or Defendant showed reckless disregard for the matter of whether the continued harassment was prohibited by USERRA.

## COUNT IV: **RACE DISCRIMINATION**

46. Plaintiff incorporates as if fully restated all of the allegations set forth in paragraphs 1 through 23.

47. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981 through 42 U.S.C. §1983.

48. Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated African American employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

49. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

50. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in the same. Defendant is a "person" under 42 U.S.C. §1983. This action is brought under 42 U.S.C. §1981 through 42 U.S.C. §1983. Ed Booth, as the City Manager of the Defendant, was the final decisionmaker in the adverse decisions made about Plaintiff as alleged in part herein. Additionally,

and/or alternatively, Antoine Sheppard motivated the adverse decisions made by Ed Booth and is also a final decisionmaker in the adverse decisions against Plaintiff. These adverse decisions resulted in the violations of law alleged herein.

51. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

52. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

53. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to the adverse action taken against Plaintiff.

54. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

55. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## COUNT V. FLORIDA UNIFORMED SERVICEMEMBERS PROTECTION ACT

56.  Plaintiff incorporates as if fully restated all of the allegations set forth in paragraphs 1 through 23.

57.  The Florida Uniformed Servicemembers Protection Act (hereinafter FUSPA), through Fla. Stat. §§ 250.81-250.84, fully incorporates by reference the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §4301 *et seq*.

58.  FUSPA provides in pertinent part:

"In addition to any other relief or penalty provided by State or federal law, a person is liable for a civil penalty of not more than $1,000 per violation if that person violates any provision of this chapter affording protections to members of the United States Armed Forces, the United States Reserve Forces, or the National Guard or any provision of federal law affording protections to such service members over which a state court has concurrent jurisdiction under s. 250.82."

Fla. Stat. § 250.905 (2015).

59.  Plaintiff is entitled to seek relief under FUSPA for each violation of USERRA and Florida Statutes, in addition to the relief to which he is entitled for the violations of USERRA itself.

WHEREFORE, Plaintiff respectfully prays and demands on all counts as follows:

A.  For trial by jury;

B.    For this Court to enter judgment as to each violation of §250.01 et seq., to include relief under §250.905, Florida Statutes;

C.    For compensatory damages;

D.    For liquidated damages;

E.    For punitive damages;

F.    For injunctive relief;

G.    For reasonable attorney fees pursuant to 38 U.S.C. §4323(h)(2) and any other laws applicable to this action;

H.    For any and all other relief to which Plaintiff may be entitled.

Respectfully submitted:

/s/  Thomas L. Dickens, III
Thomas L. Dickens, III [FBN 063867]
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR THE PLAINTIFF